# WELCH & COMPANY, A CORPORATION,

*v.*

# CENTRAL SAN CRISTOBAL, INC.

San Juan, Equity, No. 940.

APPLICATION FOR INJUNCTION.

Receivership—Injunction.

1. *Quære,* whether one who has obtained a consideration for granting a right of way can afterwards enjoin his grantee from exercising it.

Injunction—Inconvenience.

2. Where there is an application to enjoin the cutting of a right of way, and the work has been five sixths done, the court will see on which side the balance of inconvenience lies. If granting the injunction will much impede the receiver and not greatly aid the petitioner, the application will be denied.

Damages—Law.

3. On such an application the court will not consider the matter of damages, but remit the petitioner to his rights on the law side of the court.

Opinion filed January 10, 1914.

---

*Mr. H. G. Molina* for petitioner M. A. Barriola.

*Messrs. Hartzell & Rodriguez* for receiver.

Welch & Co. v. Central San Cristobal.

HAMILTON, Judge, delivered the following opinion:

This cause comes on upon a petition for an injunction, or the equivalent of an injunction, against the receiver of this court, to compel him to cease cutting a right of way through a hill. No question of contempt comes up in any way, shape, or form. I simply mention it to get it out of the way. That would have to come up separately. Nor does the matter of rent now come up. It is not alleged in the petition, and cannot be considered at present.

1. The first thing that occurs to the court is whether the proceeding, supposing it to be correct otherwise, is brought by the right party, or, rather, can the party who brings it insist upon any right when he has, under the evidence, contracted that this very thing shall be done and got consideration for it,—a spur track, or some other benefit? This is a serious question. The fact that he is liable over to his lessor for damages cannot change the fact that he has made a contract which binds himself at least, and which would tend to show that he has no standing in a petition of this kind.

2. Waiving that, in the second place, this is in effect a request for an injunction. An injunction to do what? An injunction to prevent the receiver from finishing a work which has five sixths been done before the receiver as a receiver took charge. Now on which side would be the balance of inconvenience? A right of way five sixths dug is pretty nearly the same as one six sixths dug, so far as the petitioner is concerned. No more or less cattle could graze when the cut is finished than now, and the looks of the property would be about as much disturbed in the one case as the other. That is the point of view or con-

Welch & Co. v. Central San Cristobal.

dition of the petitioner. On the other hand, as to the receiver, whether he operates the track or whether he leases it out, if the remaining one sixth of the work remains undone it would prevent his getting any good out of it at all. An injunction would leave the property in a condition which would not improve it so far as the petitioner is concerned, while it would very greatly impair the use of the property to the receiver. So that it seems to the court that this petition, so far as it relates to the matter of an injunction, must be denied.

3. In the third place, the court does not pass at all upon the matter of damages, and does not construe these papers. I could not, because no relief is asked in that behalf. So I will not say, in deciding upon the evidence and upon the argument, whether any damage has been suffered by the petitioner or not, except what I may have indicated above. And so far as damages are concerned, I shall have to remit the sufferer, if there be one, to his remedy at law; that is to say, to relief on the law side. I cannot pass upon that one way or the other; but the application for an injunction, I think under the circumstances, has to be denied. It is so ordered.